**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

Robert (Shayla) Plaster, #846864

Plaintiff,

Case No.: 2:25-cv-12045
District Judge: Jonathan J.C. Grey
Magistrate Judge: Kimberly J. Altman

v.

Washington et al

Defendants,

ROBERT PLASTER, #846864
*In Pro Per*
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446

CHAPMAN LAW GROUP
Devlin K. Scarber (P64532)
*Attorney for the Wellpath Defendants*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

CHAPMAN LAW GROUP
Nicholas B. Pillow (P83927)
*Attorney for E'Coe Hill, N.P.*
*and Rosilyn Jindal, P.A.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
npillow@chapmanlawgroup.com

**DEFENDANTS E'COE HILL, N.P. AND ROSILYN JINDAL, P.A.'S MOTION FOR RECONSIDERATION PURSUANT TO LOCAL RULE 7.1(H)(2)**

NOW COME Defendants E'COE HILL, N.P. and ROSILYN JINDAL, P.A., by and through their counsel, CHAPMAN LAW GROUP, and for their Motion for reconsideration Pursuant to Local Rule 7.1(h)(2), state as follows:

1. On July 8, 2025, Plaintiff Robert (Shayla) Plaster[1] filed her Complaint in this matter while incarcerated at Thumb Correctional Facility. (**ECF No. 1**).

2. Plaintiff alleges violations of the Fourth, Eighth, and Fourteenth Amendment. Plaintiff also alleges violations of the Americans with Disability Act, Rehabilitation Act, and State Law claims.

3. Specifically, Plaintiff alleges Defendants failed to her with gender confirmation surgery. (**ECF No. 1; ECF No. 26**).

4. On November 24, 2025, Defendants Hill and Jindal filed their motion to dismiss, (**ECF No. 18**), arguing in pertinent part that the claims against Defendants properly sound as official capacity claims against them based on their positions on the MDOC created Gender Dysphoria Collaborative Review Committee. ("GRC"). (**PageID.177**).

5. On June 11, 2026, the Court issued its report and recommendation, which Defendants Hill and Jindal contend did not properly address this argument, instead lumping all of the "Wellpath defendants" together in an analysis. (**ECF No. 40**).

6. Defendant Hill and Jindal objected to the report and recommendation, bringing up the report and recommendations failure to properly address the capacity argument. (**ECF No. 41**).

[1] As Plaintiff identifies as a female, the undersigned will use she/her pronouns.

7. On September 30, 2026, this Honorable Court issued its opinion and order on the parties' objections to the report and recommendation, erroneously holding in pertinent part that the suit against Defendants Hill and Jindal should be separated out from the GRC and that six of the ten members of the committee are intitled to immunity. (**ECF No. 53**).

8. For the reasons more fully outlined in the accompanying brief, Defendants now seek reconsideration of the Court's ruling on the issue of capacity of the suit Pursuant to Local Rule 7.1(h)(2)

9. Concurrence in this motion has not been sought, because Plaintiff is incarcerated and proceeding *pro se.*

WHEREFORE, Defendants E'COE HILL, N.P. and ROSILYN JINDAL, P.A. respectfully request this Honorable Court reconsider its opinion and order at **ECF No. 53**, enter an order finding that the claims against Defendants Hill and Jindal properly sound as official capacity claims against them for their role on the GRC, dismiss the claims against them pursuant to the Court's qualified immunity analysis applied to the MDOC employed members of the GRC, and provide such other relief as the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: October 13, 2026

*/s/Nicholas Pillow*
Nicholas B. Pillow (P83927)
Attorney for E'Coe Hill, N.P.
and Rosilyn Jindal, P.A.,
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
npillow@chapmanlawgroup.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

Robert (Shayla) Plaster, #846864

Plaintiff,

v.

Washington et al

Defendants,

Case No.: 2:25-cv-12045
District Judge: Jonathan J.C. Grey
Magistrate Judge: Kimberly J. Altman

---

ROBERT PLASTER, #846864
*In Pro Per*
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446

CHAPMAN LAW GROUP
Devlin K. Scarber (P64532)
*Attorney for the Wellpath Defendants*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

CHAPMAN LAW GROUP
Nicholas B. Pillow (P83927)
*Attorney for E'Coe Hill, N.P. and Rosilyn Jindal, P.A.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
npillow@chapmanlawgroup.com

---

**BRIEF IN SUPPORT OF DEFENDANTS E'COE HILL, N.P. AND ROSILYN JINDAL, P.A.'S MOTION FOR RECONSIDERATION PURSUANT TO LOCAL RULE 7.1(H)(2)**

**PROOF OF SERVICE**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES .......... iii
STATEMENT OF ISSUES PRESENTED .......... v
CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT .......... vi
I. STATEMENT OF FACTS/PROCEDURAL POSTURE .......... 1
II. LEGAL STANDARD .......... 5
III. ARGUMENT .......... 5
IV. CONCLUSION .......... 11

# <u>INDEX OF AUTHORITIES</u>

**Cases**

*Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461 (6th Cir. 2011)..........................1

*Bowling v. Sharpe* 347 U.S. 497 (1954) ................................................................11

*Fisher v. Fed. Bureau of Prisons,* 484 F. Supp. 3d 521 (N.D. Ohio, 2020)..............2

*In Re Complaint of Wepfer Marin, Inc.*, 344 F. Supp. 2d 1130 (W.D. Tenn. Nov. 9, 2004) .........................................................................................................................8

*Jones v. City of Cincinnati*, 521 F.3d 555 (6th Cir. 2008).........................................1

*Moore v. Coffee Cnty. Tenn.* 402 . App’x 107 (6th Cir. 2010).................................5

*Sain v. Wood* 512 F.3d 886 (7th Cir. 2008) ..............................................................8

*Warner v. Grand County* 57 F.3d 962 (10th Cir. 1995) ............................................7

**Rules**

Fed. R. Evid. 201(b)..................................................................................................1

MIED Local Rule 7.1(h)(2) ........................................................................................5

## INDEX OF EXHIBITS

There are no exhibits attached to this brief.

# **STATEMENT OF ISSUES PRESENTED**

SHOULD THE COURT RECONSIDER ITS RULING ON DEFENDANTS HILL AND JINDAL'S CAPACITY ARGUMENTS IN THEIR MOTION TO DISMISS?

| | |
|---|---|
| Defendants Answer: | YES. |
| Plaintiff Answers: | NO. |

## CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

While the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, Local Rule 7.1(h)(2) allows for reconsideration of non-final orders "filed within 14 days after entry of the order," and brought under the following grounds:

> (a) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> (b) An intervening change in controlling law warrants a different outcome; or
> (c) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

## I. **STATEMENT OF FACTS/PROCEDURAL POSTURE**

In 2017, to address the growing concern regarding treatment for inmates with diagnoses of gender dysphoria, the MDOC created its Gender Dysphoria Collaborative Review Committee. ("GRC") [2,3].

On July 8, 2025, Plaintiff Robert ("Shayla") Plaster filed her Complaint in this matter while incarcerated at Thumb Correctional Facility. (**ECF No. 1**). Plaintiff alleges violations of the Eighth Amendment. Plaintiff's Complaint alleges she has been living as a transgender woman since before her incarceration. She alleges that prior to her prison sentence, she began hormone therapy, laser hair removal, and had a vasectomy. When she began her prison sentence in October 2012, she was diagnosed with Gender Dysphoria.

---

[2] See "MDOC revises policy on medical care for transgender inmates." Michigan Public Radio, published June 27, 2017, accessed 10/2/2026, https://www.michiganpublic.org/news/2017-06-27/mdoc-revises-policy-on-medical-care-for-transgender-inmates ("**The Michigan Department of Corrections has formed** a Gender Dysphoria Collaborative Review Committee to evaluate inmate requests for hormone therapy.").

[3] The Court may consider "other materials that are integral to the complaint, **are public records**, or are **otherwise appropriate for the taking of judicial notice**." *Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011) (emphasis added). (internal quotation marks and citation omitted). Additionally, the Court may take judicial notice of public documents/government documents because their sources "cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (courts may take judicial notice of public records).

On November 24, 2025, Defendants Hill and Jindal filed their motion to dismiss, arguing in pertinent part:

> That is simply not enough to state a valid claim for deliberate indifference. It appears that the basis for Plaintiff's Complaint against Defendants NP Hill and PA Jindal is that they are alleged members of the Gender Review Committee (GRC), and at some unidentified time allegedly "review each request for GRS and have an unwritten custom of denying each request." (**PageID.3**).
>
> First, Plaintiff is suing the director of the MDOC and director of the Bureau of Healthcare Services (BHCS) within the MDOC, alleging that both directors and entities create, adopt, monitor, and coordinate the policies and procedures regarding the gender dysphoria treatment at issue and ensure that the policies are followed within the MDOC. (**ECF No. 1, PageID.2-3**). Despite Plaintiff alleging that the "GRC Defendants" are being sued in their individual capacities, her claims against Defendants NP Hill, PA Jindal are truly official capacity claims, since she is essentially alleging Defendants are acting in their official capacity as members of the GRC committee to cause her the alleged harm. The claims against NP Hill and PA Jindal are duplicative of the claims against the MDOC and BHCS. "It is simply another way of pleading an action against an entity of which an officer is an agent." *Fisher v. Fed. Bureau of Prisons,* 484 F. Supp. 3d 521, 532 (N.D. Ohio, 2020).

(**ECF No. 18, PageID.177**). Importantly, the report and recommendation did not properly address this argument, instead lumping all of the "Wellpath defendants" together in an analysis despite Defendants Hill and Jindal presenting their own arguments in their own separate motion. (**See ECF No. 40, PageID.452-456**).

In response, Defendants Hill and Jindal objected to the report and recommendation, arguing in pertinent part:

> Even accepting this contention as true, that the committee acts in unison, such a fact cuts in favor of dismissing the individual defendants while at most maintaining a *Monell* claim against the GRC as an entity. State another way, Plaintiff's allegations of actions taken *as part of* the GRC are akin to official capacity claims. Assuming arguendo that Defendants Hill and Jindal are actually on the GRC, they did not vote on that committee in their individual capacity. Rather, each voted in their official capacity as committee members.
>
> Suits against municipal employees in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165; 105 S. Ct. 3099; 87 L. Ed. 2d 114 (1985) (quoting *Monell v. Department of Social Servs.,* 436 U.S. 658, 690; n.55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. Here, this is further supported by Plaintiff's "custom" allegations, which is merely another way of alleging a *Monell* claim. *See Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005).

On September 30, 2026, this Honorable Court issued its opinion and order on the parties' objections to the report and recommendation. (**ECF No. 53**). The Court's opinion and order made two pertinent findings for the purposes of the present motion.

First, the opinion held that Plaintiff's claims against the GRC members are properly viewed as claims against them in their individual capacity:

> Plaster clearly sues the GRC members in their individual capacities as to her Eighth Amendment claim, alleging that their decision to deny certain medical care fell short of constitutional requirements. The complaint identifies Hill and Jindal without their official titles in the caption and states they are being sued in their "individual capacities." (**ECF No. 1** at ¶¶ 7–14**; ECF No. 26** at ¶¶ 7–14.)

(***Id.* at PageID.619**). Second, the Courts opinion determined that six out of the ten named members of the GRC "defendants Blessman, Carey, Clark, Dawdy, McIntyre, and Sherry are entitled to qualified immunity." (***Id.* at PageID.613**).

Plaintiff's proposed amended complaint, relied on by **ECF No. 53**, specifically identifies ten members of the GRC, Defendants Blessman, Carey, Clark, Dawdy, McIntyre, and Sherry along with Defendants Ibrahim, Hill, Jindal, and Ali. (**ECF No. 26, PageID.214, ¶¶ 5-14**). Moreover, all of Plaintiff's factual discussions of her efforts to address this issue are directed at the "GRC" as a collective. (**See ECF No. 25, PageID.216-222, ¶¶ 22, 23, 25, 27, 29, 31, 37, 45, 49, 51**). Indeed, in her own words, Plaintiff alleges that the GRC are "prison officials," acting in unison based on the customs/polices of Defendant Sherry (***Id.* at PageID.217, 222, ¶¶ 27, 51**).

## II. LEGAL STANDARD

While the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, Local Rule 7.1(h)(2) allows for reconsideration of non-final orders "filed within 14 days after entry of the order," and brought under the following grounds:

> (a) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> (b) An intervening change in controlling law warrants a different outcome; or
> (c) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

The most analogous rule to Local Rule 7.1(h)(2) within the rules of civil procedure is Fed. R. Civ. P. 59, which provides for relief form a final order of the Court to "(1) correct **a clear error of law**, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) **otherwise prevent manifest injustice**." *Moore v. Coffee Cnty. Tenn.* 402 . App'x 107, 108 (6th Cir. 2010) (emphasis added).

## III. ARGUMENT

Defendants Hill and Jindal assert that the fundamental error of the Court's opinion at **ECF No. 53** is its determination that they are being sued in their individual capacity for "denying medical care" of Plaintiff as if they were her treating physicians, not members of a governmentally created committee that does not

provide medical care but approves or disapproves of requested procedures *as a committee*.

The Court's decision to decouple the claims against the GRC from the claims against its constituent voting members creates conflicting determinations on which members of the GRC can be sued and which members of the GRC cannot be sued for the very same collective governmental action. This is a fundamental error of law and manifest injustice against Defendants Hill and Jindal. Specifically, the Court's determination that some members of the *MDOC created* GRC are entitled to qualified immunity while others are not, creates an arbitrary distinction between members of the committee based solely on their employer *outside of the committee*, not their position *on the committee*. Thus, by refusing to treat the GRC as a collective entity and dismiss the claims against it and its constituent members in its entirety, the Court has created a conflicting and illogical situation where some members of a committee are insulated from suit while other members of the same committee are left bearing the full brunt of the alleged collective liability. Stated another way, if one member of the GRC is entitled to qualified immunity, then the entirety of the members of the committee should be granted qualified immunity because they acted collectively and in the same capacity.

This argument is consistent with well-established grounds for extending qualified immunity to non-government employes who are engaged in a unique

governmental function at the behest of the government. See *Warner v. Grand County* 57 F.3d 962, 965 (10th Cir. 1995) ("we confront the following narrow question: does a private individual who performs a unique government function at the request of a state official who enjoys qualified immunity also enjoy qualified immunity? We hold that she does."). This is not a case where Plaintiff is suing Defendants Hill and Jindal related to *medical care* they provided to her in their capacity *as medical providers* within the jail. Plaintiff has specifically sued Defendants Hill and Jindal bases solely on their assignment to and alleged voting records *on the GRC*. As such, the present case is distinctly different to the traditional divide between public and private employees.

While serving on the GRC, Defendants Hill and Jindal are in essence barrowed servants of the Michigan Department of Corrections. *See In Re Complaint of Wepfer Marin, Inc.*, 344 F. Supp. 2d 1130, 1134 (W.D. Tenn. Nov. 9, 2004) ("A so-called 'borrowed servant' is, as the moniker implies, one who is in the general employ of one employer while at the same time 'borrowed' by another employer."). Per *MDOC Policy Directive* 04.06.184(c), Defendants Hill and Jindal participate on the GRC by appointment, not voluntarily. In this *official capacity* as a member of the GRC they step entirely into the same shoes as the other governmentally employed members of the GRC; have to abide by the MDOC's policy directives as to their committee duties, and are subject to the same hindrances to their essential

role on the GRC. One of the main considerations for extending the confines of qualified immunity to non-government employed individuals asks whether the same chilling effects will be present on private employees as on public employees. *See Sain v. Wood* 512 F.3d 886, 891-893 (7th Cir. 2008). To that end, qualified immunity seeks to "protecting the public from unwarranted timidity on the part of public officials" and ensure that "talented candidates were not deterred by the threat of damages suits from entering public service."

Here, the divergent treatment of over half of the GRC will inevitably have a chilling effect on non-MDOC employed members of the committee properly advocating for the public's interests as well as on non-MDOC employes serving on the GRC at all. This would severely undermine the medical expertise of the committee, directly hindering the committee from doing its job effectively. Plaintiff has alleged that all of the following individuals are members of the GRC:

- Defendant Marti Kay Sherry
- Defendant Amy Clark
- Defendant Carmen McIntyre
- Defendant Theadia Carey
- Defendant James Blessman
- Defendant Davis Dawdy,
- Defendant Fadi Ibrahim,

- Defendant E'coe Hill
- Defendants Rosilyn Jindal
- Defendant Raziuddin Ali.

Plaintiff Amended complaint[4] makes clear that the function and duties of these individuals were identical and that they each voted on the committee's decisions in the same capacity. (**See ECF No. 26, PageID.213-214, ¶¶ 5-14**). As such, the Court's decision on the Report and Recommendation, finding that the claims against the GRC can be separated into individual claims against the members of the committee and that only some members of the committee are entitled to qualified immunity for the same actions that others serving on the same government created committee are not undeniably creates a manifest injustice. Put simply, the Court's ruling creates a situation where over half of the GRC gets to avoid liability not based on their actions as members of the GRC, but rather based on who they work for outside of the GRC. As such, any future appointees to the GRC who are not employed by the MDOC are far less likely to accept the appointment and if they do, far more likely to act timidly in their role on the committee out of fear of being the only member of the committee sued for collective decisions.

[4] ECF No. 53 explicitly indicates that the Court is granting Plaintiff's motion to amend and based its determinations on the MTD in part on the allegations raised in the amended complaint. (**See PageID.617,620**).

The Plaintiff's issue is with the GRC as a committee. As such, if the GRC is unquestionably a state-created entity that acts as a unit, then their liability and any immunities should be assessed collectively. To treat half of the members of the committee differently based on an arbitrary distinction of who signs their check runs afoul of Defendants equal protection/due process rights under the Fifth amendment. *See Bowling v. Sharpe* 347 U.S. 497, 499 (1954). Thus, the Court committed a manifest error in its decision to divide out the claims against the individual GRC members instead of treating them as a singular claim against the GRC as a government-created committee and its members in their *official capacity*. Had the Court properly viewed the claims against the members of GRC as claims against them in their official role as members of the GRC, then the outcome of the claims would have been different.

When viewed as a governmental committee, not a collection individuals, the outcome becomes clear. As the Court explained, the Committee did not violate a known constitutional right by electing to provide hormone replacement therapy versus gender confirmation surgery. It is only once the court erroneously separates individuals from the collective committee and views them as Plaintiff's treating medical providers that the manifest injustice materializes. Stated another way, Defendants Hill and Jindal did not deny Plaintiff medical care as NP Hill and PA Jindal, they allegedly denied a request for approval of a medical procedure as votes

nine and ten of the GRC. As such they should be treated like all other members of the GRC and entitled to qualified immunity for their official GRC actions.

## IV. CONCLUSION

WHEREFORE, Defendants E'COE HILL, N.P. and ROSILYN JINDAL, P.A. respectfully request this Honorable Court reconsider its opinion and order at **ECF No. 53**, enter an order finding that the claims against Defendants Hill and Jindal properly sound as official capacity claims against them for their role on the GRC, dismiss the claims against them pursuant to the Court's qualified immunity analysis applied to the MDOC employed members of the GRC, and provide such other relief as the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: October 13, 2026

*/s/Nicholas Pillow*

Nicholas B. Pillow (P83927)
Attorney for E'Coe Hill, N.P.
and Rosilyn Jindal, P.A.,
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
npillow@chapmanlawgroup.com

**CERTIFICATE OF SERVICE**

I certify that on October 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record. I further certify that a copy of this filing was served on Plaintiff by U.S. Mail at the address listed below:

ROBERT PLASTER, #846864
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446

*/s/ Melissa Kairis*
Melissa Kairis, Paralegal